[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13549
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-03271-AT


ROBERT JOHN WHITE, JR.,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA,
STATE OF GEORGIA,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 30, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert John White, Jr., filed a civil complaint against the State of Georgia and Fulton County, Georgia, arguing that the judges of the Fulton County Superior Court Family Division and the justices of the Supreme Court of Georgia violated his constitutional rights by allowing the Family Division to operate and issue a judgment against him, without jurisdiction to do so.  White appeals the district court's sua sponte dismissal of his complaint for failure to state a claim.  He argues that the district court erred in concluding (1) that the Eleventh Amendment barred his claims against the State of Georgia and (2) that *Heck v. Humphrey*, 512 U.S. 477, 485–87 (1994), barred his claims against Fulton County, Georgia.  After review, we affirm the judgment of the district court.

A court shall dismiss a case filed *in forma pauperis* if the court determines that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A district court's dismissal of a complaint for failure to state a claim is reviewed de novo, "viewing the allegations in the complaint as true."  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  An action is frivolous if it is "without arguable merit either in law or fact."  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  Further, we may affirm a district court's judgment on any ground supported by the record.  *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

2

Section 1983 gives private citizens a cause of action against government actors for violations of their constitutional rights. 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff's complaint must allege conduct that: (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) was committed by a person acting under color of state law. *See, e.g.*, *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003). A § 1983 action cannot, however, be used as a vehicle to collaterally attack a conviction or sentence unless the plaintiff can prove that the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

The Eleventh Amendment to the U.S. Constitution provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Courts have interpreted this language to bar suits against a state by citizens of that state, or citizens of another state, absent express consent by the state or valid congressional abrogation of immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override states'

3

Eleventh Amendment immunity; instead, a federal court's remedial power in such actions brought against a state is limited to prospective injunctive relief. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Moreover, the Georgia Constitution grants sovereign immunity to the state and its agencies, with consent to suit given in limited instances under the Georgia Torts Claims Act. GA. CONST. art. 1, § 2, ¶ IX. Sovereign immunity under Georgia law extends to counties and municipalities. *See* GA. CONST. art. 9, § 2, ¶ IX; *Coleman v. Glynn Cty.*, 344 Ga. App. 545, 549 (2018). Though sovereign immunity has been waived by statute in limited circumstances, it is not waived for actions brought in federal court. O.C.G.A. § 50-21-23(b).

The district court properly dismissed White's claims against the State of Georgia because the Eleventh Amendment barred his action, and Georgia has expressly reserved its sovereign immunity in actions brought in federal court. *See* U.S. CONST. amend. XI; *see also* O.C.G.A. § 50-21-23(b). White cites *Ex parte Young*, 209 U.S. 123, 155–56 (1908), for the proposition that a suit against a state official for constitutional violations is not a suit against the state. *Ex parte Young* does not apply here, however, because White has named the State of Georgia as a defendant, rather than a state official. Moreover, the district court's remedial power in a § 1983 action brought against the State of Georgia is limited to prospective injunctive relief, and White sought money damages. *See Quern*, 440

4

U.S. at 337–38.  The district court properly dismissed White's claims against the State of Georgia.

We now turn to the district court's conclusion that *Heck* barred White's claims against Fulton County.  *Heck* bars collateral attacks on convictions or sentences in § 1983 actions.  *See Heck*, 512 U.S. at 486–87.  But White was never convicted or sentenced by the Family Division; he was ordered incarcerated for civil contempt.  Although White is attempting to collaterally attack the Family Division's judgements against him, without a conviction or sentence, *Heck* does not bar his suit against Fulton County.  *See id.*  Thus, the district court was incorrect in holding that *Heck* barred White's claims.

Nonetheless, the suit against Fulton County is barred by the sovereign immunity granted by the Georgia Constitution, and this Court may affirm the district court's judgment on any ground.  *See Lucas*, 257 F.3d at 1256.  The Georgia Constitution provides for a waiver of sovereign immunity by statute under the Georgia Tort Claims Act, but the waiver explicitly does not extend to suits brought in federal court, such as the instant case.  *See* GA. CONST. art. 9, § 2, ¶ IX; O.C.G.A. § 50-21-23(b).  Although the district court improperly concluded that *Heck* applied to White's claims, the court nonetheless properly dismissed White's claims against Fulton County because the county had sovereign immunity under

the Georgia Constitution for actions brought in federal court.  Accordingly, we affirm.

**AFFIRMED.**